IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIPPEL DEVELOPMENT CO., INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | Civil Action No. 05-46 |
| | ) | Judge McVerry |
| WESTERN SURETY COMPANY, | ) | Magistrate Judge Hay |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the plaintiff's motion for summary judgment (Doc. No. 13) be denied.

II. Report:

Presently before the Court is a motion for summary judgment submitted by the plaintiff, Sippel Development Co., Inc. ("Sippel"). For reasons discussed below, Sippel's motion for summary judgment should be denied.

Sippel commenced this breach of contract action against the defendant, Western Surety Company ("Western"), complaining that Western breached its obligations under a payment bond by failing to pay it the sum of $1,782,422.21 which it is allegedly owed thereunder. The Court's diversity jurisdiction is properly invoked.[1]

Relevant facts, to which there is no dispute, are these: by contract dated August 28, 2003 (the "Prime Contract"), Wal-Mart Stores, Inc. hired Westra Construction, Inc. ("Westra") as

---

1. Sippel is a Pennsylvania corporation, having its principal office in Sewickley, PA; Western is a South Dakota corporation, having its principal office in Sioux Falls, S.D.; and the amount in controversy exceeds the statutory limit. Under the doctrine of Erie R.R. v. Tompkins, 304 U.S. 64 (1938), federal courts exercising diversity jurisdiction must apply state law to substantive questions.

its prime contractor to build a Sam's Club store in Niles, Ohio (the "Project"). In a subcontract dated October 23, 2003 (the "Subcontract"), Westra hired Sippel as its subcontractor to do the site work for the Project. On September 25, 2003, Westra, as principal, and Western, as surety, posted Payment Bond No. 929261985 (the "Payment Bond"), which guaranteed "payment in full to all persons or entities supplying labor, material, supplies, services, utilities and equipment in the prosecution of the work provided for in [the Prime Contract]", such as Sippel.[2] To date, the Subcontract amount paid by Westra and received by Sippel totals $1,423,861.20. However, Sippel complains that Westra has not paid it the full Subcontract amount for its services.

Most other material facts are in dispute. For instance, Sippel contends the Subcontract amount -- when adjusted by approved change orders and extra work -- totals $3,206,283.41, an amount which Western disputes.[3] Sippel also contends that it completed all original and extra work to required specifications and billed Westra accordingly, such that all conditions precedent to an action on the Payment Bond have occurred, but Western denies such contention.[4] Sippel further claims it is owed $1,782,422.21 under the Subcontract, as reflected in its Partial Pay Requests Nos. 8 and 9 and its Final Pay Request No. 10, and it contends Western is obligated to pay such monies to it under the Payment Bond, as Westra has not paid it, but Western denies such claims.[5]

Sippel filed its motion for summary judgment prior to discovery. It did so based on Western's second affirmative defense, which provides as follows:

> Sippel's Subcontract Agreement with Westra is a pay-when-paid

---

2. A copy of the Payment Bond is attached as Exhibit B to Sippel's current motion.

3. See, complaint at ¶ 14 and answer thereto.

4. See, complaint at ¶ 19 and answer thereto, as well as Sippel's motion for summary judgment at ¶ 7 and Western's response thereto.

5. See, complaint at ¶¶ 16 and 22 and answer thereto, as well as Sippel's motion for summary judgment at ¶ 8 and Western's response thereto.

>arrangement. The Agreement indicates at Section 4 as well as at Paragraph E that Sippel is not entitled to payment until Westra receives payment from the owner. Specifically, with regard to extra work alleged by Sippel, Paragraph E indicates Sippel is not entitled to payment 'unless and until' Westra receives payment for the alleged extra work from the owner. Payment has not been received from, and has been disavowed by, the owner.

In support of its current motion, Sippel insists that summary judgment is warranted because Western has conceded in its second affirmative defense that Sippel's Subcontract with Westra is a "pay-when-paid" arrangement, not a "paid-if-paid" or condition precedent arrangement. According to Sippel, the "pay-when paid" arrangement in the Subcontract does not excuse Western of its obligation to pay Sippel under the Payment Bond; rather, it merely creates a reasonable timetable for payments due.

Under Pennsylvania law, "'pay-when-paid' clauses merely create a timing mechanism for a contractor's payments to a subcontractor and do not condition payments to a subcontractor on the contractor's receipt of those payments from the project owner." LBL Skysystems (USA), Inc. v. APG-Amearica, Inc., 2005 WL 2140240, *32 (E.D.Pa., Aug. 31, 2005), citing e.g., United Plate Glass Co. v. Metal Trims Indus., Inc., 525 A.2d 468 (Pa.Super 1987). In contrast, "Pennsylvania courts construe contract clauses that condition payments to a subcontractor on the contractor's receipt of funds from the owner of the project as 'paid-if-paid' clauses that do not require the contractor to pay a subcontractor until the contractor has received those funds from the owner of the project." LBL Skysystems (USA), Inc., 2005 WL 2140240, at *32, citing C.M. Eichenlaub Co. v. Fidelity & Deposit Co., 437 A.2d 965, 967 (Pa.Super. 1981). To evince a "pay-if-paid" condition in a contract, the agreement "generally requires words such as 'condition', 'if and only if', or 'unless

3

and until' that convey the parties' intention that a payment to a subcontractor is contingent on the contractor's receipt of those funds." Id.[6]

The fact that Western states in its pleadings that the Subcontract is a "pay-when-paid arrangement" does not compel a finding that Sippel is entitled to summary judgment. Summary judgment is appropriate if the pleadings and discovery material, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. F.R.Civ.P. 56(c); Biener v. Calio, 361 F.3d 206, 210 (3d Cir. 2004). Here, there are several issues of material fact in dispute which preclude summary judgment.

For instance, Sippel sent to Westra Partial Pay Requests Nos. 8 and 9 and Final Pay Request No. 10, reflecting that it was owed the sum of $1,782,422.21.[7] In its Final Pay Request No. 10, Sippel's Secretary/Treasurer, Sharon Sippel, submitted a contractor's affidavit, averring that the total amount of the Subcontract, including extras, is $3,206,283.41, from which Sippel received payment of $1,423,861.20.[8]

However, Westra's Chief Financial Officer, Patrick H. Flynn, asserts in an affidavit that he has reviewed Sippel's Partial Pay Requests Nos. 8 and 9 and its Final Pay Request No. 10, and he finds its alleged total amount of $3,206,282.41 for approved change orders and extra work

---

6. A copy of the Subcontract is attached as Exhibit A to Sippel's current motion. Section 4 of the Subcontract, titled "Payment Schedule", provides in pertinent part: "Contractor [Westra] agrees to pay Subcontractor [Sippel] in monthly payments of 90% of labor and materials which have been placed in position and for which payment has been made by Owner [Wal-Mart Stores, Inc.] to Contractor. The remaining 10% shall be retained by Contractor until he receives final payment from Owner, but not less than thirty-five days after the entire work required by the Prime Contract has been fully completed in conformity with the Contract Documents and has been delivered and accepted by Owner, Architect and Contractor." This provision of the Subcontract does not appear to evince a "pay-if-paid" condition, as it does not contain such words as "condition" "if and only if", or "unless and until" which would convey the parties' intent that payment to Sippel was contingent on Westra's having received funds from Wal-Mart Stores, Inc. Interestingly however, there is another provision of the Subcontract at Paragraph E, titled "Changes in the Work", which does appear to evince a "pay-if-paid" arrangement for the payment of extra work or changes in the work, as it provides in part: "... in no event shall Contractor make payment for any such extra charges unless and until the Contractor receives payment from Owner." [Emphasis added].

7. See, Exhibits C, D and E attached to Sippel's current motion.

8. See, Exhibit E attached to Sippel's current motion.

is incorrect, grossly inflated, and not adequately supported by Sippel's materials.[9] Mr. Flynn also avers that the alleged amount of $1,782,422.21 which Sippel claims Westra owes it is incorrect, grossly inflated, and not adequately supported by Sippel's materials.[10] Further, Mr. Flynn asserts that Sippel has not performed all conditions precedent to an action on the Payment Bond, as it has failed to properly bill Westra for work performed, has failed to provide required waivers and releases, and has failed to submit pay requests in proper form.[11] Mr. Flynn also avers that any amount which Sippel claims Westra owes it is offset by costs which Westra has incurred in completing or correcting Sippel's work.[12] In addition, Mr. Flynn asserts that Sippel agreed to settle its claim related to certain extra work, but it has reneged on that settlement agreement.[13]

Since material issues of fact are in dispute, and for reasons discussed above, Sippel is not entitled to judgment as a matter of law. Therefore, it is recommended that the plaintiff's motion for summary judgment be denied.

Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall

---

9. See, affidavit of Patrick H. Flynn (Docket No. 16) at ¶ 4.

10. Id. at ¶¶ 5-6.

11. Id. at ¶ 7.

12. Id. at ¶ 8.

13. Id. at ¶ 9.

have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                            Respectfully submitted,

                                            /s/ Amy Reynolds Hay
                                            AMY REYNOLDS HAY
                                            United States Magistrate Judge

Dated:   16 September, 2005

cc:      Hon. Terrence F. McVerry
         United States District Judge

         Charles W. Robinson, Esquire
         170 Thorn Hill Road
         Warrendale, PA 15086-7528

         Richard D. Kalson, Esquire
         Thorp, Reed & Armstrong
         301 Grant Street
         One Oxford Centre, 14th Floor
         Pittsburgh, PA 15222-4895

         Joshua B. Levy, Esquire
         Crivello Carlson and Mentkowski, LLP
         The Empire Building
         710 North Plankinton Avenue
         Suite 500
         Milwaukee, WI 53203