IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIPPEL DEVELOPMENT CO., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-46 |
| ) | |
| WESTERN SURETY COMPANY, ) | Judge McVerry |
| ) | Magistrate Judge Hay |
| Defendant. ) | |

## MEMORANDUM ORDER

The instant case arises out of the construction project of a Sam's Club in Warren/Niles, Ohio.  The owner of the project was Wal-Mart Stores, Inc. ("Wal-Mart"); the general contractor was Westra Construction Inc. ("Westra"); and Sippel Development Company, Inc. ("Sippel") was a subcontractor.  The Warren/Niles contract was one of several contracts awarded to Westra by Wal-Mart for work on stores in various locations in Illinois, Indiana, Michigan, Minnesota, Ohio, Pennsylvania, and Wisconsin.  Wal-Mart required Westra to obtain payment and performance bonds on each project.  Western Surety Company ("Western") bonded the Warren/Niles project.

Prior to the completion of the Warren/Niles project, Westra ceased its business operations.  Thereafter, Sippel filed the instant suit against Western on the payment bond, alleging an unpaid contract balance of $1,782,422.21.  A substantial portion of this sum relates to a change order request by Westra for extra work by Sippel, which Wal-Mart apparently contested.[1]

Western joined Wal-Mart as a third-party defendant in this action.  In turn, Wal-Mart filed a counterclaim against Western on this project and a third-party complaint against

---

[1] Westra sued Wal-Mart in the Middle District of Pennsylvania to recover $911,429.72 on the work performed under the aforementioned change order.  See Dkt. 56 at Exh. D.

National Fire Insurance Company of Hartford ("National") on the performance bond on another project, namely Harbor Creek, Pennsylvania. Wal-Mart and the sureties settled all claims against each other on all of the Westra projects, including the Warren/Niles and Harbor Creek projects, and all claims filed by Western, National and Wal-Mart against each other in this action were dismissed with prejudice by Order dated June 21, 2006, effectively removing Wal-Mart and National from the suit.

During the course of discovery, Sippel requested that Western produce the following documents:

> **Requested Production No. 1:**
> Please produce any and all agreements between Western and Wal-Mart Stores, Inc.[] relating to any and all settlements, global or otherwise, of the disputed matter between them relating to this and/or any and all other lawsuits relating to Westra's entire book of contracts with Wal-Mart.
>
> **Requested Production No. [2]:**
> Please produce any and all correspondence relating ant and all agreements between Western and Wal-Mart Stores, Inc.[] relating to any and all settlements, global or otherwise, of the disputed matters between them relating to this and/or any and all other lawsuits relating to Westra's entire book of contracts with Wal-Mart.

See Western Surety Company's Response to Request for Production of Documents by Sippel Development Company, Inc. [Exh. A to dkt. 56]. Western objected to these requests on several grounds, including relevance and privilege. Id.

This court conducted a telephone discovery conference to determine the sufficiency of Western's objections. In the course of this conference, Sippel agreed to limit its request for production to a single document, i.e., the settlement agreement between Western and Wal-Mart that resolved all of the above-noted projects, including the Warren/Niles project, and ultimately led to the dismissal of all claims between Western and Wal-Mart in this action. This

court then ordered the parties to brief the issue of production of the specific settlement agreement. See dkt. entries 56 and 57. Western provided a copy of the settlement agreement at issue to the court for *in camera* review.

Western argues that the settlement agreement is protected by the settlement privilege. Western has not pointed to any authority to support the existence of a settlement privilege. In our view, the courts which have addressed this question have correctly determined that Federal Rule of Evidence 408 does not create a discovery privilege but, rather, addresses whether evidence relating to settlement discussions is admissible at trial. Morse/Diesel, Inc. v. Fidelity and Deposit Company of Maryland, et al. ("Jackson"), 122 F.R.D. 447, 449 (S.D.N.Y. 1988)(" 'The policy of allowing open and free negotiations between parties by excluding conduct or statements made during the course of these discussions is not intended to conflict with the liberal rules of discovery embodied in the Federal Rules of Civil Procedure ... Therefore, a party is not allowed to use Rule 408 as a screen for curtailing his adversary's rights of discovery.' ") (*quoting* 2 J. Weinstein & M. Berger, *Evidence* ¶ 408[1] at 408-15 to 408-16 (1986)); Morse/Diesel, Inc. v. Fidelity and Deposit Company of Maryland, et al. ("Trinity"), 142 F.R.D. 80, 83-85 (S.D.N.Y. 1992); Center for Auto Safety v. Department of Justice, 576 F.Supp. 739, 749 n. 23 (D.D.C. 1983)("While [Rule 408's] intent is to foster settlement negotiations, the sole means chosen to effectuate that end is a limitation on their admission ... for the purpose of proving liability at trial, not the application of a broad discovery privilege. Otherwise, parties would be unable to discover compromised offers which could be offered for a relevant purpose."); NAACP Legal Defense Fund v. Department of Justice, 612 F.Supp. 1143, 1146 (D.D.C. 1985)(Rule 408 "was never intended to be a broad discovery privilege"). Accordingly, we reject Western's claim of settlement privilege.

Western also claims that the settlement agreement is confidential and not subject to disclosure. As Sippel notes, the mere fact that settling parties have agreed to maintain the confidentiality of their agreement does not automatically serve to shield the agreement from discovery. Directv, Inc. v. Puccinelli, 224 F.R.D. 677, 685 (D. Kansas 2004). We note that several courts have addressed the question of whether a non-settling party should have access to a settlement agreement that is confidential by agreement of the signatories, as is the case here. "None of these courts have blithely permitted discovery, but rather require some heightened showing of relevance or need." Doe v. Methacton School District, 164 F.R.D. 175, 176 (E.D.Pa. 1995)(citing cases).

Sippel asserts that the settlement agreement is relevant for the following reasons: (1) to demonstrate that Western and Wal-Mart have conferred upon Sippel the status of a third-party beneficiary; (2) to counter Western's defenses, specifically, the "pay when paid" defense; (3) to show bias or prejudice; and (4) to demonstrate whether Western has taken a course of action in the settlement agreement that now makes it impossible for a resolution to be had on the issue of whether Wal-Mart owes Westra for the change order and, in turn, Westra owes Sippel.

Sippel's basis for asserting the possibility of third-party rights stems from correspondence dated August 10, 2005, that "Wal-Mart is amenable to settlement of the Westra litigation, and payment of an agreed-upon sum directly to Sippel or into an escrow account." See Dk. 56, Exh. B, p. 4.[2] We note that this correspondence pre-dates the execution of the settlement agreement by some months. Further, it appears that Sippel inquired of Western about the existence of an escrow agreement with Wal-Mart, which Western denied. Finally, having

---

[2] The "Westra litigation" is the aforemention suit by Westra against Wal-Mart that was filed in the Middle District of Pennsylvania. The "Westra litigation" was settled and dismissed on August 9, 2006. See Westra Construction, Inc. v. Wal-Mart Stores, Inc., Civil Action no. 1:CV-04-2582 (M.D.Pa.).

4

reviewed the settlement agreement *in camera*, there is nothing in the agreement that is relevant to this assertion nor that would lead to the discovery of admissible evidence about this assertion.

Likewise, this court has found nothing in the settlement agreement that would be relevant to or lead to the discovery of admissible evidence concerning Sippel's remaining assertions.[3] We are mindful of the broad scope of Rule 26(b) of the Federal Rules of Civil Procedure which covers "not only evidence for use at the trial but also inquiry into matters in themselves inadmissible as evidence but which will lead to the discovery of such evidence." Fed.R.Civ.P. 26(b)(1) Advisory Committee Notes. The settlement agreement at issue, however, lacks the requisite evidentiary value required for its production at this juncture. Accordingly, the following Order is entered:

AND NOW, this 13th day of April, 2007, upon consideration of the Plaintiff's motion to compel production and the Defendant's response in opposition thereto, IT IS HEREBY ORDERED that the motion [dkt. 56] is DENIED.

IT IS FURTHER ORDERED that if Plaintiff desires review of this Order by the District Judge to whom this case is assigned, Plaintiff must file an application with the Clerk of Court within ten (10) days of the date of this Order. Failure to do so may waive the right to appeal. <u>Siers v. Morrash</u>, 700 F.2d 113 (3d Cir. 1983).

/s/   Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

cc:   All counsel of record by Notice of Electronic Filing

---

[3] Because Western has notified the court it intends to withdraw its "pay when paid" defense, we do not discuss the relevance, if any, of the settlement agreement to this defense.